UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Criminal Case No. 04-CR-80963-8
                                                       Civil Case No. 08-CV-15251

DON DIEGO FRANCISCO GLOVER,

    Defendant.
                                                  /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FILED PURSUANT TO 28 U.S.C. § 2255**

Pending before the court is Defendant Don Diego Francisco Glover's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." The Government has filed a response. For the reasons stated below, the court denies Defendant's motion.

**I. BACKGROUND**

On October 26, 2006, Defendant pleaded guilty to a single count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Defendant's "Revised Rule 11 Plea Agreement," presented to the court on October 26, 2006, recommended a sentence between 108 to 135 months. At sentencing, however, Defendant's presentence report indicated a higher criminal history score, resulting in a recommended guideline sentencing range of between 151 and 188 months of imprisonment. (Pl.'s Resp., Ex. D at 3.) Upon direct questioning from the court, neither

Defendant nor his counsel objected to this recalculated guideline range. (*Id.*) As such, the court sentenced Defendant to the custody of the United States Bureau of Prisons for a term of 151 months. (*Id.* at 7.)

Shortly after sentencing, Defendant filed a direct appeal, arguing that he received ineffective assistance of counsel at sentencing and that the sentence imposed was unreasonable. (Def.'s Mot. at 3.) On January 16, 2009, the Sixth Circuit Court of Appeals granted the Government's motion to dismiss Defendant's appeal, noting that the "plea agreement executed by the defendant contains an appellate-review waiver and the sentence imposed falls within the terms of that waiver." (Pl.'s Resp., Ex. A.) In upholding the waiver, the court of appeals found that Defendant's plea was knowingly and voluntarily made. (*Id.*) The court of appeals did not consider, however, Defendant's claim of ineffective assistance of counsel. (*Id.*)

Defendant's current motion, filed pursuant to 28 U.S.C. § 2255, raises three claims: (1) ineffective assistance of counsel, (2) incorrect sentence calculation, and (3) the magnitude of his role in the underlying offense. (Def.'s Mot. at 5-8.) All three claims, however, amount to a single claim of ineffective assistance because the underlying basis for each of the three claims constitute the events which Defendant argues demonstrates ineffective assistance.[1]

---

[1] For example, in his second claim, "Sentence Calculation," Defendant argues that he is entitled to relief due to his "counsel's nonobjection to the PSI," with which, presumably, Defendant did not agree. (Def.'s Mot. at 6.) Similarly, Defendant states that his "counsel failed to mention" his alleged decreased role in the offense as a basis for his third claim, "The Magnitude of the Role Being Played in the Offense." (*Id.* at 8.)

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

A claim of ineffective assistance of counsel requires a defendant to meet a two part test – he must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A defendant must also overcome the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance").  In analyzing an ineffective assistance claim, "judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.  Finally, "deficient" lawyering requires professional service that was worse than merely "inadequate; rather it . . .

3

[means a performance that] was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

As support for his claim, Defendant avers that his "counsel failed to object to the [plea agreement], . . . failed to object to the PSI report . . . [and] abandoned the defendant during this entire appeal." (Def.'s Mot. at 5.)  None of these allegations provide sufficient support for a claim of ineffective assistance of counsel.  First, Defendant's counsel failed to object to the plea agreement because Defendant himself, after admitting careful consideration of the agreement, did not object.  (Pl.'s Resp., Ex. C at 7-10.)  Likewise, Defendant's counsel did not object to the Presentence Investigation Report because Defendant, after explicit questioning, did not object:

> The Court: . . . A presentence report has been prepared . . . It stands unobjected to . . . I want to confirm . . . with respect to the defense that [Defendant's counsel] had the opportunity to go over this report with Defendant.
>
> . . .
>
> [Defense Counsel]: We have received it and inspected it and have no objections to it.
>
> The Court: And Mr. Glover, you confirmed that as well, do you, sir?
>
> [Defendant]: Yes.

(*Id.*, Ex. D at 2-3.)  Finally, even if Defendant's allegation that his original counsel "abandoned" him during his appeal is true, he was appointed counsel by the court of appeals on July 24, 2008.  (*Id.*, Ex. E at 5.)  Thus, even if he was initially "abandoned," he does not demonstrate that any "deficient performance [by his original counsel]

4

prejudiced the defense," *Strickland*, 466 U.S. at 687, with the appointment of new counsel.

Defendant also argues that his counsel failed to object to the PSI which included an increased criminal history calculation. (Def.'s Mot. at 6.) Defendant states that he was unaware of the change and implies his counsel's failure to object amounts to ineffective assistance. As stated above, however, Defendant was given a chance to dispute, object, or otherwise raise a concern regarding the PSI report at his sentencing, but chose to confirm that he had no objection. (Pl.'s Resp., Ex. D at 2-3.)

Defendant finally argues that his lack of participation in the "holding of George Cox" should have been mentioned by his counsel to the court and counsel's failure to do so "could have" impacted the outcome of sentencing. (Def.'s Mot. at 8.) Defendant's argument is without merit. This fact was explicitly included in the "Revised Rule 11 Plea Agreement" (*id.* Ex. B at 2, "The parties stipulate that Defendant Glover took no part in holding George Cox against his will . . . ") and was discussed, in detail, by the court during the plea hearing (*id.*, Ex. C at 29). In sum, Defendant does not establish, through either of his three proposed grounds for relief, that he received the ineffective assistance of counsel in connection with his guilty plea.

Accordingly, IT IS ORDERED that Defendant's "Motion under 28 U.S.C. § 2255" [Dkt. # 149] is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: May 15, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 15, 2009, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner  
                                                  Case Manager and Deputy Clerk  
                                                  (313) 234-5522